## Richmond

RAYMOND NERO v. COMMONWEALTH OF VIRGINIA.

September 1, 1972.

Record No. 7932.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Thomas F. Coates, III* (*W. H. C. Venable; John M. McCarthy; Venable & McCarthy*, on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Raymond Nero was found guilty of armed robbery by a jury which fixed his punishment at 10 years in the penitentiary. We granted him a writ of error to the judgment order entered on the verdict to consider questions concerning the admissibility of evidence of pre-indictment identifications of Nero, made by witnesses, without counsel being present, from photographs and from a lineup.

On February 2, 1970, Shirley Terry and Jo Ann Bowling, employees of the Richmond Redevelopment and Housing Authority, were in the Gilpin Court office of the Authority in Richmond when two men entered, asked for the manager, who was absent, and left. Shortly thereafter one of the men returned, held up Mrs. Terry at gunpoint and forced her to turn over to him $1,560 belonging to the

Authority. Mrs. Terry and Mrs. Bowling saw the robber both times that he was in the office and Mrs. Terry gave a description of the man to the police immediately after the robbery.

Several weeks later a police officer exhibited 40 to 50 photographs to Mrs. Terry and Mrs. Bowling from which Mrs. Terry selected one as resembling the robber. This suspect was arrested but was subsequently released when he established an alibi.

After receiving information from an informer, the officer on March 24, 1970 exhibited an album of 50 to 60 photographs to Mrs. Terry and Mrs. Bowling and both picked out a photograph of Nero. A warrant for Nero's arrest was sworn out the same day but he was not arrested until July 29, 1970 at about 11:45 a.m. Approximately two hours after his arrest, Nero was placed in a lineup in which six other men participated. He was there identified separately by Mrs. Terry and Mrs. Bowling as the man who committed the robbery.

At the trial, Nero moved to suppress and exclude evidence of photographic and lineup identifications made when he did not have counsel present. After evidence had been taken out of the presence of the jury, this motion was overruled by the trial court, to which action Nero has assigned error.

Both Mrs. Terry and Mrs. Bowling, without objection, positively and unequivocally identified Nero in court as the armed robber. Therefore, even if Nero had been entitled to counsel at the pretrial identifications, the admission of evidence of these identifications by the two witnesses would have been harmless error. *Henry v. Commonwealth*, 211 Va. 48, 175 S.E.2d 416 (1970).

*Affirmed.*